(47 App. Div. 483.)

## BRINK v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. February 3, 1900.)

RAILROADS—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE.

    A person, who, while driving a gentle horse, over which he had full control, along a highway towards a railroad crossing, saw the gates thereat descending, knew he was likely to collide with them, and made no effort whatever to avoid the danger or stop his horse, was guilty of contributory negligence as a matter of law.

Appeal from trial term, Orange county.

Action by Alfred Brink against the Erie Railroad Company. From a judgment for defendant, entered on a dismissal of the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

John W. Lyon (Frank Lybolt, on the brief), for appellant.
Henry Bacon, for respondent.

GOODRICH, P. J. On February 10, 1897, shortly before dark, the plaintiff and a friend were driving in a top buggy with one horse along Pike street, Port Jervis, and approaching a wide crossing of the defendant's railroad, which at that point has 14 tracks. There are ordinary gates on either side of the crossing, which are worked simultaneously by a gateman, a bell ringing as they are lowered. For some reason, not appearing in the evidence offered by the plaintiff, the gateman lowered the gates. The plaintiff's testimony is to this effect: He was familiar with the crossing and the operation of the gates. He saw no engine or train on the tracks, and heard no bell. The gates were up. He was going "not very fast; just a little jog, jog trot"; and when he reached the gate it came down and struck him, breaking his nose. "Q. Did you see the gate coming down? A. Yes, sir. Q. How close to it were you then? A. My horse must have been about ten feet of it." He further testified that the gates came down fast, into the bottom of the carriage; that his horse was gentle, and that he had full control over it. There was other evidence, but we assume that the plaintiff's own testimony was as favorable to himself as was that of the other witnesses. The defendant, at the close of the plaintiff's case, moved for a dismissal of the complaint on the ground, among others, that the plaintiff had failed to show that he was free from contributory negligence, and that the evidence showed that he was guilty of contributory negligence. The court denied the motion, saying that there was a question of fact for the jury, as the plaintiff had testified that "he could not stop"; but we find in the record no evidence to that effect. It is unnecessary to refer to the testimony of the witnesses produced by the defendant. At the close of the whole evidence it again moved for a dismissal on the same grounds as before, and the court said: "I grant the nonsuit solely on the ground that the plaintiff has not shown himself free from contributory negligence, and that he was guilty of contributory negli-

gence as matter of law." There was no effort on the part of the plaintiff to show that he made any attempt to stop when, at a distance of 10 feet, he saw the gates descending. He was driving slowly, and had his horse under control. It is not necessary to hold, as matter of law, that under such conditions a horse can be stopped within 10 feet; but, if called upon to do so, we might not hesitate. The burden was upon the plaintiff to show that he tried to stop. If he had shown any effort to do so, and a failure to succeed, there might have been a question of fact; but a person who, while driving along a highway towards a railroad crossing, sees the gates thereat descending, knows that he is likely to collide with them, and makes no effort whatever to avoid the danger, is guilty of contributory negligence as matter of law. This would seem to come clearly within the admirable definition of care stated by Merrick, J., in Gilman v. Inhabitants of Deerfield, 15 Gray, 577, 580, as follows:

"Whenever a party is required to show that on any particular occasion he was in the exercise of due care, he must produce some evidence to establish the fact. This may be done in various ways. It may be shown by positive and direct proof of the fact, or of any collateral facts and circumstances from which it can justly and truly be inferred. Adams v. Inhabitants of Carlisle, 21 Pick. 146. But it is not a thing to be presumed as a mere matter of course. Care imports attention, heedfulness, caution; and to use or take any degree of care there must be some vigilance, some exertion of the faculties, to preserve what it is desirable to save, or to avoid the danger or avert the peril to which a person may be exposed. When there is no thought of what may happen as the consequence of the action or conduct of a party, and no vigilance or circumspection is exercised concerning it, there is no care. None is or can be taken under such circumstances; for care, in its very nature and signification, imports that to its existence there must be some degree of activity and caution."

It is clear that the plaintiff did not exercise such care and caution as an ordinarily prudent person would exercise under similar circumstances, and hence was guilty of contributory negligence.

The judgment should be affirmed, with costs. All concur.